UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ESG REPUBLIC, INC, *et al*.,<br><br>Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER ON STIPULATION AMENDING CASE MANAGEMENT DATES <u>AS MODIFIED</u><br><br>(Doc. 50) |

Plaintiff American Zurich Insurance Company initiated this action with the filing of a complaint against Defendants on April 27, 2023. (Doc. 1). On September 20, 2023, the Court entered the operative scheduling order setting forth all case management dates. (Doc. 21).

Pending before the Court is the parties' renewed, stipulated request to amend the scheduling order, filed May 22, 2024, in which the parties seek a 90-day extension of all case management dates. (Doc. 50). The stipulated request is accompanied by a declaration from counsel for Plaintiff. (Doc. 50-1). In his declaration, counsel for Plaintiff asserts good cause for the extensions exists given that discovery has revealed certain of the named insureds on the policies at issue are out of business, prompting Plaintiff to shift its litigation strategy to prove alter ego, successor liability, and merger as to other Defendants. *Id*. ¶3. The parties represent that these issues create the prospect for a "large expense for discovery," and as such, the parties deferred "engag[ing] in full-blown and expensive discovery" and explored settlement, instead.

*Id*. ¶¶4-5. The parties also support their request for a 90-day extension on the grounds that the operative second amended complaint ("SAC") adding a new party and allegations was only recently filed.

Given the representations of counsel concerning the developments in the case during the course of ongoing discovery, the Court finds good cause to grant the relief requested.

The Court takes this opportunity to clarify for the parties that deferring discovery in favor of further settlement discussions does not and will not demonstrate diligence or constitute good cause for further amendments to the scheduling order. The Court expects the parties to properly manage and balance completion of all discovery within the modified case management dates below without regard to ongoing and/or parallel efforts to settle the case.

**Conclusion and Order**

For the forgoing reasons and for good cause appearing, the scheduling order (Doc. 21) is modified to the extent of establishing new deadlines as follows:

1. The mid-discovery status conference is continued to **August 27, 2024**.
2. Fact discovery is extended from June 21, 2024, to **September 25, 2024**.
3. Expert disclosures are extended from June 28, 2024, to **October 2, 2024**.
4. Rebuttal expert disclosures are extended from July 19, 2024, to **October 23, 2024**.
5. Expert discovery is extended from August 23, 2024, to **November 27, 2024**.
6. Non-dispositive motion filing deadline is extended from August 9, 2024, to **November 8, 2024**.
7. Non-dispositive motion hearing is continued to **December 13, 2024**.
8. Dispositive motion filing deadline is extended from August 30, 2024, to **November 29, 2024**.
9. Dispositive motion hearing is continued to **January 13, 2025**.

/ / /

/ / /

/ / /

10. Pre-trial conference is continued to **June 16, 2025**.

11. Trial is continued to **August 5, 2025**.

IT IS SO ORDERED.

Dated:   **May 24, 2024**

_____
UNITED STATES MAGISTRATE JUDGE