UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ESG REPUBLIC, INC, *et al.*,<br><br>　　　　　　Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER REQUIRING DEFENDANT JEFFREY D. THORN TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT CONFERENCE<br><br>(Doc. 52)<br><br>**3-DAY DEADLINE** |

　　　Plaintiff American Zurich Insurance Company initiated this action with the filing of a complaint against Defendants on April 27, 2023. (Doc. 1). On September 20, 2023, the Court entered the scheduling order setting forth all case management dates. (Doc. 21).

　　　On May 22, 2024, the parties filed a stipulated request to amend the scheduling order in which the parties sought a 90-day extension of all case management dates. (Doc. 50). The parties' stipulation set forth various grounds for finding good cause to grant the relief, including that "Counsel for [Defendant] Thorn also has a currently impacted schedule in other matters, has a trial in August, and will be on a two week vacation in July." *Id.* at ¶ 9. The Court granted the parties' request for a 90-day extension of all case management dates and set the mid-discovery status conference on the date requested by the parties (August 27, 2024). (Doc. 52). The Court's order including the following admonition: "The Court expects the parties to properly manage and

balance completion of all discovery within the modified case management dates below without regard to ongoing and/or parallel efforts to settle the case." *Id*.

Although counsel for Defendant Thorn (Lawrence E. Heller) had communicated via email (through counsel for Plaintiff) with the undersigned's courtroom deputy in advance of the mid-discovery status conference that he "was concerned about his ability to appear at Mid Discovery Status Conference on August 27th due to potentially spotty Wi-Fi service where he will located on that day (presumably, in Europe)," the Court proceeded with the expectation that Defendant Thorn could appear through other noticed counsel (Craig Martin Lynch, the signatory on Defendant Thorn's answer) if Mr. Heller's Wi-Fi was ineffective.

When the Court convened for the mid-discovery status conference, Plaintiff's counsel sought to make a "special appearance" for Mr. Heller on behalf of Defendant Thorn. The undersigned questioned whether Plaintiff's counsel ethically could proceed on behalf of an adversary (Defendant Thorn). The undersigned also questioned why co-counsel (Mr. Lynch) was not present on behalf of Defendant Thorn but counsel on behalf of the other parties present could not offer a satisfactory response.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

While the Court acknowledges that Mr. Heller conveyed to the Court his concern about possible internet connection issues in advance of the mid-discovery status conference, more of an explanation is required. In particular: (1) why did co-counsel Mr. Lynch not appear at the mid-discovery status conference on behalf of Defendant Thorn; (2) why on May 22, 2024, did Mr. Heller request the Court continue the mid-discovery status conference to August 27, 2024, only to be unavailable on that date due to a "long-planned" overseas vacation; (3) is Mr. Heller's "long planned out-of-the-country vacation for several weeks in August" referenced in the parties' pending stipulated request for further extension of case management dates (Doc. 53 ¶ 7) the same

1 vacation that Mr. Heller identified in the parties' earlier stipulated request for extension as being
2 scheduled for July (Doc. 50 ⁋ 9); (4) regarding the trial Mr. Heller identified in the parties' earlier
3 stipulation as commencing in August (*id.*), what is the name of the case, the court, and the date
4 on which the trial was scheduled; (5) regarding the trial Mr. Heller identified in the parties'
5 pending stipulation as commencing in October (Doc. 53 ⁋ 7), what is the name of the case, the
6 court, and the date on which the trial was scheduled?

7 In light of Defendant Thorn's failure to appear through properly noticed counsel at the mid-
8 discovery status conference on August 27, 2024, IT IS HEREBY ORDERED, Defendant Thorn
9 shall show cause in writing within three (3) days of entry of this order why sanctions should not
10 be imposed for his failure to obey this Court's orders.  At a minimum, Defendant Thorn's written
11 response shall address the five numbered prompts set forth in the paragraph above.

12 **Failure to comply with this order to show cause may result in the imposition of**
13 **sanctions.**

14 IT IS SO ORDERED.

15 Dated:   **August 27, 2024**
16 _____
UNITED STATES MAGISTRATE JUDGE

3