UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>ESG REPUBLIC, INC, *et al*.,<br><br>           Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER ON SECOND STIPULATED REQUEST TO EXTEND CASE MANAGEMENT DATES<br><br>(Doc. 53) |

    Pending before the Court is the parties' stipulated request for a further, four-month extension of all case management dates. (Doc. 53). For the reasons that follow, the Court will permit the parties to engage in nonexpert discovery through and including the current deadline for completing expert discovery, but otherwise finds that good cause does not exist for any further adjustments to the operative scheduling order.

**<u>Background</u>**

    Plaintiff American Zurich Insurance Company initiated this action with the filing of a complaint against Defendants on April 27, 2023. (Doc. 1). On September 20, 2023, following the Court's receipt from the parties of their joint scheduling report and having convened for a scheduling conference, the Court entered a scheduling order that adopted all case management dates as proposed by the parties. (Docs. 18-21). Among other things, the Court admonished the

parties: "The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation." (Doc. 21 at 7).

Thereafter, on January 18, 2024, Plaintiff filed the operative second amended complaint (SAC) that added a Defendant (WL Acquisitions, LLC) and included additional allegations. (Doc. 34). All appearing Defendants answered and certain Defendants asserted crossclaims. (Docs. 35-37, 40).[1]

On May 17, 2024, the parties filed a stipulated request for 90-day extension of all discovery, motion and trial dates that the Court denied given the parties' noncompliance with the scheduling order's provisions for seeking such extensions and for other deficiencies. (Docs. 47-49). On May 22, 2024, the parties filed a renewed stipulated request for 90-day extension of all case management dates. (Doc. 50). The parties made numerous assertions in support of their collective representation that good cause warranted granting the 90-day extension, including.

1) The parties had delayed undertaking discovery in favor of focusing on settlement discussions;

2) In light of Plaintiff's filing in January 2024 of the SAC and the Defendants' filings of their answers and crossclaims, the parties represented "additional time is needed to conduct the expensive and time-consuming further discovery"; and

3) "Counsel for Plaintiff has several matters that are very active currently with depositions, and a family vacation for a week in early June. Counsel for Thorn also has a currently impacted schedule in other matters, has a trial in August, and will be on a two week vacation in July. Based on the schedules of party counsel it would be prejudicial to require all percipient discovery to be completed by the current deadline of June 21, 2024."

*Id.* at ¶¶ 3-4, 6, 8, 9.

The Court granted the parties' request for a 90-day extension of all case management dates and set the mid-discovery status conference on the date requested by the parties (August 27, 2024). (Doc. 52). The Court's order including the following admonition: "The Court expects the parties to properly manage and balance completion of all discovery within the modified case management dates below without regard to ongoing and/or parallel efforts to settle the case." *Id*.

On the deadline for filing a joint mid-discovery status report one week in advance of the

---

[1] At Plaintiff's request, the Clerk of the Court entered defaults against Defendants ESG Republic II, LLC, and ESG Republic, Inc, which have not appeared in the action. (Docs. 29-30).

2

mid-discovery status conference, the parties filed instead the instant stipulated request for a further four-month extension of case management dates (to include a continuance of the mid-discovery status conference). (Doc. 53). In their stipulation, the parties represent that good cause exists for the further extension of all case management dates, as follows:

> 1) Over the preceding 90 days, the parties "engaged in extensive written discovery, revealing the need to undertake additional written discovery in advance of anticipated depositions";
>
> 2) Counsel for Plaintiff and Defendant Thorn are "sole practitioner with very busy schedules, which have made it very difficult to engage in heavy discovery needed in this case"; and
>
> 3) Plaintiff's counsel has two motions for summary judgment due within 30 days and "many depositions in other matters."

*Id.* ¶¶ 5, 6, 8.

The parties' stipulation also includes a representation at variance with a representation counsel made in their May 22 stipulation seeking a three-month extension: that counsel for Defendant Thorn had "a long planned out-of-the-country vacation for several weeks in August, and a several-week trial that starts the first week of October 2024" (not, as previously represented, a two-week vacation in July and trial in August). *Cf.* (Doc. 50 ¶ 9 *with* Doc. 53 ¶ 7).[2]

In light of their failure to timely file a joint mid-discovery status report, the Court directed the parties to file a report no later than August 23, 2024. (Doc. 54). The parties thereafter filed their report which revealed that Plaintiff had propounded its initial written discovery demands on March 24, 2024 – a full six months after the case was scheduled and discovery opened. (Doc. 55). Moreover, with the exception of Defendant Thorn, it appears that all other Defendants were afforded more than three months to respond to Plaintiff's written discovery demands. *Id.* The report further revealed that the Vensure Defendants had propounded no written discovery until very recently. *Id.* Although depositions were noticed within the existing deadline to complete nonexpert discovery, all of the noticed depositions were taken off calendar in light of the parties'

---

[2] The Court directed Defendant Thorn to make a filing addressing these apparent inconsistencies but counsel's responsive declaration was incomplete. *See* (Docs. 57, 58).

hope that the requested extensions would be granted. *Id.*

**Governing Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . .

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

The parties do not advance sufficient good cause – in other words, a showing that they have exercised diligence – sufficient to warrant a four-month extension of all case management dates.

At the outset of this litigation, the Court admonished the parties that it considered the case management dates "firm." No party represented in their joint scheduling report filed in advance of the scheduling of this case that they intended to informally halt discovery for an extended period to pursue settlement discussions, and no party requested in the joint report that the Court

set an expanded period for taking discovery to facilitate any such settlement discussions. When the parties sought (and the Court granted) a three-month extension of case management dates near the end of the original deadline for completing nonexpert discovery, the Court further admonished that it "expects the parties to properly manage and balance completion of all discovery within the modified case management dates" adopted by the order.

In general, the newly advanced reasons for further extending case management dates are that (1) responses to written discovery have revealed the need to undertake additional discovery, and (2) the parties' counsel have competing duties and vacations making it difficult to complete discovery within the time allotted.

But as summarized above, the parties' engagement in written discovery (as reflected in their joint mid-discovery status report) demonstrates that discovery has proceeded at an inexplicably delayed pace.  Separately, with respect to counsels' competing priorities, the Court has attempted to elicit information from counsel for Defendant Thorn regarding his involvement in a trial set to commence in state court on October 7, 2024, in the matter of "Mario Delis and Nature & Life Farms, LLC vs. Jeffrey Thorn, et. al."  (Doc. 58 ¶ 6).  A review of the public records for that matter reflects that the parties jointly moved to continue the trial date and the state court granted the parties' motion on February 23, 2024.[3]  In their earlier stipulated request of this Court to continue case management dates by three months, filed on May 22, 2024, counsel for Defendant Thorn identified only a trial reportedly set to commence in August.  The Court has been unable to obtain from Defendant Thorn an explanation for the apparent divergence between his originally reported trial and vacation dates, and those identified in the instant stipulated request for further extension.

In short, because the parties have not demonstrated due diligence in the prosecution of this action, good cause does not exist to grant a four-month extension of all case management dates. The Court nevertheless will permit the parties to continuing engaging in nonexpert discovery through and including the deadline to complete expert discovery.

---

[3] The Court takes judicial notice of documents on file in unrelated state court matters. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED, the parties' stipulated request for a four-month extension of all case management dates (Doc. 53) is DENIED; and

It is FURTHER ORDERED, the parties shall be permitted to engage in nonexpert discovery through and including the deadline for completing expert discovery – November 27, 2024.

IT IS SO ORDERED.

Dated:   **September 5, 2024**

UNITED STATES MAGISTRATE JUDGE