UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ESG REPUBLIC, INC, *et al.*, <br><br> Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB <br><br> ORDER REQUIRING DEFENDANT JEFFREY D. THORN TO PAY SANCTIONS OF $100 PER DAY <br><br> (Doc. 57) |

Pending before the Court is the matter of Defendant Jeffery D. Thorn's deficient response (Doc. 58) to the Court's order to show cause (Doc. 57). For the reasons that follow, Defendant Thorn shall be ordered to pay sanctions of $100 per day until he comes into compliance with the Court's prior order.

**Background**

Plaintiff American Zurich Insurance Company initiated this action with the filing of a complaint against Defendants on April 27, 2023. (Doc. 1). On September 20, 2023, the Court entered the scheduling order setting forth all case management dates. (Doc. 21).

On May 22, 2024, the parties filed a stipulated request to amend the scheduling order in which the parties sought a 90-day extension of all case management dates. (Doc. 50). The parties' stipulation set forth various grounds for finding good cause to grant the relief, including

1

that "Counsel for [Defendant] Thorn [] has a currently impacted schedule in other matters, has a trial in August, and will be on a two week vacation in July." *Id.* at ⁋ 9.  The Court granted the parties' request for a 90-day extension of all case management dates and set the mid-discovery status conference on the date requested by the parties (August 27, 2024).  (Doc. 52).  The Court's order including the following admonition: "The Court expects the parties to properly manage and balance completion of all discovery within the modified case management dates below without regard to ongoing and/or parallel efforts to settle the case."  *Id*.

On the deadline for filing a joint mid-discovery status report (August 20, 2024) one week in advance of the mid-discovery status conference, the parties filed instead a stipulated request for a further four-month extension of case management dates (to include a continuance of the mid-discovery status conference).  (Doc. 53).  The parties' stipulation included a representation at variance with a representation in their May 22 stipulation:  that counsel for Defendant Thorn had "a long planned out-of-the-country vacation for several weeks in August, and a several-week trial that starts the first week of October 2024" (not, as previously represented, a two-week vacation in July and trial in August).  *Cf.* (Doc. 50 ⁋ 9 *with* Doc. 53 ⁋ 7).  In seeking a continuance of the mid-discovery status conference, no party to the stipulation represented that they had a conflict or otherwise anticipated being unavailable to appear for the mid-discovery status conference on August 27, 2024.

In light of their failure to timely file a joint mid-discovery status report, the Court directed the parties to file a report no later than August 23, 2024.  (Doc. 54).  The parties timely filed their report and disclosed for the first time that "Thorn's counsel is currently in Europe on a family vacation through September 4, 2024."  (Doc. 55 at 6).

Although counsel for Defendant Thorn (Lawrence E. Heller) had communicated via email (through counsel for Plaintiff) with the undersigned's courtroom deputy in advance of the mid-discovery status conference that he "was concerned about his ability to appear at Mid Discovery Status Conference on August 27th due to potentially spotty Wi-Fi service where he will [*sic*] located on that day" (presumably, in Europe), the Court proceeded with the expectation that Defendant Thorn would appear either through Mr. Heller or other noticed counsel (Craig Martin

Lynch, the signatory on Defendant Thorn's answer) if Mr. Heller's Wi-Fi became ineffective.

When the Court convened for the mid-discovery status conference, Plaintiff's counsel sought to make a "special appearance" for Mr. Heller on behalf of Defendant Thorn. The undersigned questioned whether Plaintiff's counsel ethically could proceed on behalf of an adversary (Defendant Thorn). The undersigned also questioned why Defendant Thorn's co-counsel (Mr. Lynch) was not present on behalf of Defendant Thorn but counsel present for the other parties could not offer a satisfactory response.

In light of Defendant Thorn's failure to appear at the mid-discovery status conference, the Court entered an order to show cause why sanctions should not be imposed for his failure to comply with Court orders. (Doc. 57). The Court directed that Defendant Thorn's written response to the show cause order address, at the least: "(1) why did co-counsel Mr. Lynch not appear at the mid-discovery status conference on behalf of Defendant Thorn in light of Mr. Heller's apparent unavailability; (2) why on May 22, 2024, did Mr. Heller request the Court continue the mid-discovery status conference to August 27, 2024, only to be unavailable on that date due to a 'long-planned' overseas vacation; (3) is Mr. Heller's 'long planned out-of-the-country vacation for several weeks in August' referenced in the parties' pending stipulated request for further extension of case management dates (Doc. 53 ₽ 7) the same vacation that Mr. Heller identified in the parties' earlier stipulated request for extension as being scheduled for July (Doc. 50 ₽ 9); (4) regarding the trial Mr. Heller identified in the parties' earlier stipulation as commencing in August (*id.*), what is the name of the case, the court, and the date on which the trial was scheduled; (5) regarding the trial Mr. Heller identified in the parties' pending stipulation as commencing in October (Doc. 53 ₽ 7), what is the name of the case, the court, and the date on which the trial was scheduled?" (Doc. 57). Defendant Thorn's deadline to respond to the show cause order was August 30, 2024. *Id.* at 3.

The following day (August 28, 2024), Defendant Thorn filed a response to the show cause order through counsel, Mr. Heller. (Doc. 58). In his declaration, Mr. Heller attests that he presently was in France and "did not want to inconvenience the Court through a 'spotty' [internet connection] appearance." In his declaration, Mr. Heller references the parties' earlier-filed

stipulated request to continue case management dates (an apparent reference to Doc. 53) and his perception that the Court "rejected the Stipulation because it failed to comply with certain rules," by which time Mr. Heller "was overseas or well on my way."[1] *Id.* ¶ 3. Mr. Heller further attests, "[t]he Court, in its wisdom, instead of simply ordering that the mid discovery status conference be continued insisted on a written stipulation, which, under the circumstances, would be impossible for me to prepare, get executed by the parties and filed with the Court." *Id.* ¶ 4. Mr. Heller further attests, "[a]s a result, attorney Horton very kindly offered to 'appear' on my behalf at the status conference in order to advise the Court on the status of discovery. … from my perspective I certainly did not see that as an adversary situation so I, quite mistakenly, believed it was not only proper but advisable to have Mr. Horton make that appearance." *Id.* Mr. Heller further attests he could have "had my co-counsel, Craig Lynch, appear on my behalf, but he has been wholly uninvolved in this case and would, unlike attorney Horton, be unable to provide relevant information to the Court about the status of discovery." *Id.* ¶ 5. Mr. Heller attested that the case for which he previously reported he is scheduled to try commencing October 7, 2024, is "Mario Delis and Nature & Life Farms, LLC vs. Jeffrey Thorn, et. al." *Id.* ¶ 6.

**Governing Law**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is "to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all

---

[1] As set forth above, the stipulated request was not "rejected"; rather, the parties' filing prompted the Court to direct the parties to remedy their failure to timely file a joint mid-discovery status report. Concurrent with this order, the Court enters a separate order on the parties' stipulated request for four-month continuance of all case management dates.

others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id.*

**Discussion**

Here, Mr. Heller's declaration fails to address two of the five prompts Defendant was directed to answer by the Court's show cause order: (2) why on May 22, 2024, did Mr. Heller request the Court continue the mid-discovery status conference to August 27, 2024 (a request the Court granted), only to be unavailable on that date due to a "long-planned" overseas vacation; (3) is Mr. Heller's "long planned out-of-the-country vacation for several weeks in August" referenced in the parties' pending stipulated request for further extension of case management dates (Doc. 53 ⁋ 7) the same vacation that Mr. Heller identified in the parties' earlier stipulated request for extension as being scheduled for July (Doc. 50 ⁋ 9). *See* (Doc. 57 at 2-3). Further, although Mr. Heller identified in his declaration the case which he is scheduled to try in October, it is unclear whether that is the same case as the matter Mr. Heller identified in the parties' earlier stipulation was scheduled to commence trial in August – this is information the Court directed

be included in Defendant's response to the show cause order. *See id.* at 3.

Mr. Heller undoubtedly planned his overseas vacation long before he first reported to the Court – in the parties' joint mid-discovery status report, belatedly filed at the Court's direction on August 23, 2024 (a Friday) – that he was in Europe and possibly unable to appear for the long-scheduled mid-discovery status conference on August 27 (the following Tuesday). It remains unclear why on May 22 Mr. Heller asked the Court to schedule the mid-discovery status conference for August 27 (*see* Doc. 50) and why, if he later determined he was travelling to Europe for vacation, he did not make arrangements for co-counsel to appear on his behalf. Instead, it appears Mr. Heller assumed the Court would simply cater to his belated request to continue the conference or permit *Plaintiff's* counsel to appear on behalf of *Defendant* Thorn. That at least is the Court's interpretation of Mr. Heller's attestation that he "certainly did not see that as an adversary situation so I, quite mistakenly, believed it was not only proper but advisable to have [Plaintiff's counsel] make that appearance" on Mr. Heller's behalf.

The mid-discovery status conference was not a *pro forma* get-together; in this case, the conference was particularly important to the Court (and should have been to the parties) for the purpose of discussing the parties' stipulated request for a further four-month continuance of all case management dates. The Court had specific, discovery-related questions to ask of each party's counsel based on their joint mid-discovery status report. Not surprisingly, no counsel was prepared to answer the questions the Court had for Defendant Thorn.

As the Court expressed at the commencement of the mid-discovery status conference when counsel for Plaintiff attempted to make a "special appearance" on behalf of Defendant Thorn, the appearance by an attorney on behalf of an adversary implicates ethical issues that are governed by the California Rules of Professional Conduct, specifically: Rules 1.2, 1.7, and 2.1.

In short succession, Defendant Thorn has violated three court orders: the order directing the parties to timely file a joint mid-discovery status conference report (Doc. 21 at 4 & Docs. 42 & 52, also violated by all other parties); the order to appear at the mid-discovery status conference (*id.*); and the order to fully respond to the Court's show cause order (Doc. 57). Accordingly, the Court finds that monetary sanctions are appropriate to compel Defendant to comply with this

1 Court's orders.  Therefore, to gain Defendant Thorn's compliance, a $100 sanction shall be
2 imposed on Defendant Thorn commencing on the date of this order and shall continue to be
3 imposed each day thereafter until Defendant fully responds to the Court's order to show cause –
4 including specifically the two prompts identified above that were unanswered by Mr. Heller in
5 his responsive declaration. (Docs. 57, 58).  Defendant's filing of his response to the show cause
6 order on the date of this order will not relieve Defendant of the sanction imposed commencing
7 on this date.  Further, the daily deadline shall expire at the close of business each day at 5:00 pm.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED, Defendant Jeffrey D. Thorn shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Defendant files a response that comprehensively answers the five prompts set forth in the Court's order to show cause (Doc. 57).

IT IS SO ORDERED.

Dated:  **September 5, 2024**

UNITED STATES MAGISTRATE JUDGE