UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>ESG REPUBLIC, INC, *et al*.,<br><br>            Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER DISCHARGING SANCTIONS ORDER AND REQUIRING DEFENDANT JEFFREY D. THORN TO PAY SANCTIONS<br><br>(Doc. 60)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 57)<br><br><u>14-Day Deadline</u> |

Plaintiff American Zurich Insurance Company initiated this action with the filing of a complaint against Defendants on April 27, 2023. (Doc. 1). On September 20, 2023, the Court entered the scheduling order setting forth all case management dates. (Doc. 21).

Following Defendant Jeffrey D. Thorn's failure to appear at the mid-discovery status conference, on August 27, 2024, the Court entered an order to show cause why sanctions should not be imposed for his failure to comply with Court orders. (Doc. 57). That order required Defendant Thorn to answer five specific prompts for information. Although counsel for Defendant Thorn (Lawrence E. Heller) timely responded to the Court's show cause order, the response addressed only two of the five prompts. *See* (Doc. 58). Because Mr. Heller's

declaration was deficient and in light of Defendant Thorn having previously violated two other orders of the Court (the order directing the parties to timely file a joint mid-discovery status conference report (Doc. 21 at 4 & Docs. 42 & 52), also violated by all other parties, and to appear at said conference), on September 5, 2024, the Court entered an order requiring Defendant Thorn to pay daily sanctions in the amount of $100 until he filed a response that comprehensively answers the five prompts set forth in the Court's order to show cause. (Doc. 60).

That same date (September 5, 2024), counsel for Defendant Thorn (Mr. Heller), filed a further response to the Court's order to show cause that satisfactorily responds to the Court's questions. (Doc. 61). The Court notes, however, that Mr. Heller's unsworn filing demonstrates that the parties' earlier stipulated request for order extending case management dates (filed on May 22, 2024), contained a misrepresentation. *See* (Doc. 50). In that filing, Mr. Heller represented that he had trial scheduled in August. *Id.* at ¶ 9. In his further response to the Court's order to show cause, Mr. Heller confirms that the case referred to in the parties' May 22 stipulation for which trial was scheduled in August is "*Mario Delis and Nature & Life Farms, LLC v. Jeffrey D. Thorn, et. al*." (Doc. 61 at 3). A review of the public records for that matter reflects that the parties jointly moved to continue the previously scheduled trial date (April 29, 2024) to October 7, 2024, and the state court granted the parties' motion on February 23, 2024.[1] Thus, when the parties to this action filed their May 22 stipulation, Mr. Heller knew (or should have known) that trial of the matter referenced therein was scheduled to commence in October (not August, as represented) – trial of the state court case never was scheduled to commence in August. If the Court has misinterpreted the state court docket or otherwise is incorrect about the misrepresentation, Defendant Thorn is welcome to make a filing correcting the record.

In light of Defendant Thorn's prompt and complete filing of a further response to the Court's show cause order, the Court shall discharge further sanctions and shall impose a $100 sanction based on the Court's order. (Doc. 60 at 7) ("Defendant's filing of his response to the show cause order on the date of this order will not relieve Defendant of the sanction imposed

---

[1] The Court takes judicial notice of documents on file in unrelated state court matters. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

1  commencing on this date").

2     Based on the foregoing, IT IS HEREBY ORDERED that:

3     Defendant Jeffery D. Thorn shall pay the Clerk of the Court $100.00 in sanctions no later
4  than September 20, 2024.  Defendant Thorn shall promptly file proof of payment with the Court
5  once payment is made.

6     And IT IS FURTHER ORDERED that if such payment and proof of payment is not timely
7  made, additional sanctions of $50.00 per day shall issue from September 20, 2024, until full
8  payment is received.

9  IT IS SO ORDERED.

10  Dated:  **September 6, 2024**              */s/*
11                             UNITED STATES MAGISTRATE JUDGE