1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>     v.<br><br>ESG REPUBLIC, INC., *et al.*,<br><br>                    Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER DENYING DEFENDANT JEFFREY D. THORN'S SUBSTITUTIONS OF ATTORNEY<br><br>(Docs. 66, 67) |

18

**Background**

19

The Court has read and considered the two filed Consent Order Granting Substitution of

20

Attorney forms AO-154 of Defendant Jeffrey D. Thorn ("Defendant").  (Docs. 66, 67).

21

Both forms appear intended to function as withdrawal requests rather than consents for

22

substitution of attorney.  The form concerning counsel Lawrence E. Heller has the signature of

23

Defendant under the "Signature of Party" line, Heller's signature under the "Signature of Former

24

Attorney(s)" line, and Defendant's signature again under the "Signature of New Attorney" line,

25

with Defendant's name printed beneath, followed by the words "pro se."  *See* (Doc. 66).

26

The form concerning counsel Craig M. Lynch is substantially similar, except in place of

27

Heller's signature is Lynch's signature.  *See* (Doc. 67).

28

**Discussion**

Local Rule 182 provides in relevant part: "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. L.R. 182(d). That rule separately provides that "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California (the "CA Professional Rules"), and the attorney shall conform to the requirements of those Rules." *Id.*

Here, counsel for Defendant have not filed a motion, noticed a motion hearing or attested to having provided notice to Defendant to obtain the relief they seek. Counsel separately have not identified how withdrawal is consistent with the CA Professional Rules. Thus, for instance, it is unclear from counsel's filings whether withdrawal is mandated under Rule 1.16(a) or whether permissive under Rule 1.16(b). If, for instance, Defendant knowingly and freely assents to termination of the representation (*see* Rule 1.16(b)(6)), counsel should file a motion consistent with Local Rule 182 indicating as such.

In short, Defendant's filed Consent Order Granting Substitution of Attorney forms AO-154 are the incorrect method for Heller and Lynch to withdraw as counsel. *See* Local Rule 182(d).

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Defendant's substutions of attorney (Docs. 66, 67) are DENIED. Counsel are directed to employ the appropriate procedure when seeking withdrawal, in compliance with Local Rule 182(d).

IT IS SO ORDERED.

Dated:   **November 4, 2024**

UNITED STATES MAGISTRATE JUDGE