UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>ESG REPUBLIC, INC, *et al*.,<br><br>            Defendants/Counterclaimants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER RE REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br><br>(Doc. 76)<br><br>ORDER STAYING BRIEFING ON (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND (2) PLAINTIFF'S MOTION TO STRIKE<br><br>(Docs 73, 75)<br><br>ORDER RE COURTROOM DECORUM AND DIRECTING DENNIS P. GALLAGHER TO FILE NOTICE OF APPEARANCE |

Currently before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

Plaintiff American Zurich Insurance Company initiated this action with the filing of a complaint against Defendants on April 27, 2023. (Doc. 1). On September 20, 2023, the Court entered a scheduling order that adopted all case management dates as proposed by the parties. (Docs. 18-21).

1

On January 18, 2024, Plaintiff filed the operative second amended complaint (SAC) that added a Defendant (WL Acquisitions, LLC) and included additional allegations. (Doc. 34). All appearing Defendants answered and certain Defendants asserted crossclaims. (Docs. 35-37, 40).[1]

On May 24, 2024, the Court granted the parties' renewed, first stipulated request for 90-day extension of all case management dates. (Docs. 50, 52). The Court's order including the following admonition: "The Court expects the parties to properly manage and balance completion of all discovery within the modified case management dates [] without regard to ongoing and/or parallel efforts to settle the case." *Id.*

On the deadline for filing a joint mid-discovery status report one week in advance of the mid-discovery status conference, the parties filed instead a second stipulated request for a further four-month extension of case management dates (to include a continuance of the mid-discovery status conference). (Doc. 53).

In light of their failure to timely file a joint mid-discovery status report, the Court directed the parties to file a joint status report no later than August 23, 2024. (Doc. 54). The parties thereafter filed their report which revealed that Plaintiff had propounded its initial written discovery demands on March 24, 2024 – a full six months after the case was scheduled and discovery opened. (Doc. 55). Moreover, with the exception of Defendant Thorn, it appears that all other Defendants were afforded more than three months to respond to Plaintiff's written discovery demands. *Id.* The report further revealed that the Vensure Defendants had propounded no written discovery until shortly before the filing of the joint status report. *Id.* Although depositions were noticed within the existing deadline to complete nonexpert discovery, all of the noticed depositions were taken off calendar in light of the parties' hope that the requested extensions would be granted. *Id.*

After convening for the mid-discovery status conference, on August 27, 2024, the Court entered an order finding that the parties did not establish good cause sufficient to warrant a four-month extension of all case management dates. (Doc. 57). After addressing the reasons why the

---

[1] At Plaintiff's request, the Clerk of the Court entered defaults against Defendants ESG Republic II, LLC, and ESG Republic, Inc, which have not appeared in the action. (Docs. 29-30).

2

parties failed to carry their burden of showing good cause, the Court nevertheless permitted the parties to continue engaging in nonexpert discovery through and including the deadline to complete expert discovery (November 27, 2024). *Id.*

**The Parties' Discovery Dispute**

Discovery closed on November 27, 2024.  On November 29, 2024, Defendants filed a motion for summary judgment. (Doc. 73).  Immediately thereafter, Plaintiff requested to convene with the Court for an informal discovery dispute conference.  In their joint statement of the discovery dispute, filed on December 6, 2024, Plaintiff raised two issues for the Court's resolution.  First, despite repeated efforts by Plaintiff, Defendants allegedly failed before the deadline to complete discovery (November 27, 2024) to make available for deposition certain witnesses whose notices of deposition were first transmitted to Defendants on August 19, 2024. (Doc. 76 at 2-3).  Second, Defendants allegedly have not produced certain documents identified by other witnesses during recent depositions that Plaintiff argues are subject to discovery pursuant to its document demands. *Id.* at 4.

In response to these complaints, counsel for Defendants contends that he attempted at least nine times between October 27, 2024, and December 6, 2024, to obtain deposition availability for the noticed witnesses (presumably without success).  *Id.* at 5.  As for Plaintiff's dispute concerning documents, counsel for Defendants contends Plaintiff failed to adequately meet/confer concerning this issue, there is no showing the "vaguely" described documents exist, and there is no basis to find Defendants have custody of any such documents should they exist. *Id.* at 5-6.

On December 10, 2024, the Court convened with the parties off the record to address the discovery disputes. (Doc. 80).  Lincoln Horton appeared on behalf of Plaintiff and Christopher Cianci appeared on behalf of all appearing Defendants with the exception of Defendant Jeffrey Thorn, who failed to appear.  At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the disputes, subject to seeking review by the assigned district judge pursuant to Fed.

R. Civ. P. 72(a) under the "clearly erroneous" or "contrary to law" standards.

**Governing Legal Standard**

"Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc*., 437 U.S. at 351). "The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. Of Kern*., No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted).

Separately, motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

**(a) Motion for an Order Compelling Disclosure or Discovery**

**(1)** *In General***.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. *See* Fed. R. Civ. P. 37.

Further, pursuant to Rule 37, a Court may impose sanctions if a party, officer of the party, or a person designated pursuant to Rule 30(b)(6) fails to appear for a properly noticed deposition. Fed. R. Civ. P. 37(d)(1).

**Discussion**

During the discovery dispute conference, counsel for Defendants reiterated his commitment to making the noticed deponents available for deposition and agreed with the undersigned that his inability to accommodate Plaintiff's noticed depositions to date largely was the result of Defendants' intransigence in responding to his requests for availability. Counsel separately agreed that, in the event documents exist as described by Plaintiff in the parties' joint statement (a promissory note, a purchase agreement, and detailed balance and profit/loss statements, *see* Doc. 76 at 4), those documents would be responsive to Plaintiff's discovery demands.

Plaintiff indisputably has suffered prejudice in being deprived of the opportunity to examine duly noticed defense witnesses before the expiration of discovery. Among other things, Plaintiff has adequately established both in the parties' joint brief and during the discovery dispute conference that the anticipated testimony of the deponents is material both to Plaintiff's ability to oppose Defendants' pending motion for summary judgment and, potentially, to support its own affirmative motion for summary judgment. Further, Plaintiff does not attempt to establish that the continuing failure by the noticed defense witnesses to appear for deposition is substantially justified – to the contrary, he concedes that Defendants' noncompliance with the deposition notices is unjustified and attributable to intransigent parties.

Construing Plaintiff's request as a motion to compel pursuant to Rule 37, the Court will grant the request and order the noticed deponents to appear for deposition no later than December 23, 2024. Pursuant to Rules 37(b)(2)(A)(ii), (iv) & (d)(1), (3), as a result of Defendants' prejudicial and unjustified failure to appear for depositions, the Court will prohibit Defendants from supporting their pending motion for summary judgment or opposing any motion by Plaintiff for summary judgment with testimony elicited during the depositions.

The Court cautions Defendants that their failure to make themselves available for deposition in violation of this Order may be grounds for the imposition of additional sanctions, including further evidentiary and/or financial sanctions. *See Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-cv-01938-EPG, 2016 WL 4764669, at *8 (E.D. Cal. Sept. 12, 2016)).

Moreover, pursuant to Rule 37(d)(3), any noncompliance by Defendants with the requirements of this Order will be sanctioned by the Court with the award to Plaintiff of its reasonable attorney's fees and expenses incurred.

The Court separately will direct Defendants to make a diligent search for the identified documents (a promissory note, a purchase agreement, and detailed balance and profit/loss statements) and transmit to Plaintiff a certification that they have completed a diligent search for the documents, describe the results of the search, and produce any responsive documents.

The Court will stay briefing and vacate the noticed hearings on Defendants' motion for summary judgment and Plaintiff's motion to strike (Docs. 73, 75). Within 14 days of the completion of the noticed depositions, the parties shall file a stipulated request for modified briefing schedule on the motions. To the extent Plaintiff seeks to file an untimely motion for summary judgment following the conclusion of depositions, he shall set forth in the stipulation the grounds constituting good cause to permit the late filing.

*   *   *   *   *

Finally, the Court takes this opportunity to admonish counsel – including newly appearing counsel for Defendant Jeffrey Thorn – that, without express, advance leave of Court, they are not authorized to voluntarily absent themselves from duly noticed Court conferences and hearings. Nor are they authorized for any reason to purport to relieve one another of their respective obligations to timely appear for all conferences and hearings, as apparently happened in connection with the instant informal discovery dispute conference. The undersigned generously but grudgingly extends the benefit of the doubt to attorney Dennis P. Gallagher that his failure to appear at the informal discovery dispute conference was a misunderstanding facilitated in part by counsel for Plaintiff's miscommunication to him of the need to appear.

It remains unclear to the Court whether Mr. Gallagher even is duly noticed in this case: the information provided by former counsel in the notice of attorney substitution (Doc. 69) lacks an email address and is inconsistent with Mr. Gallagher's contact information (1) currently on the docket, (2) identified on the California State Bar's website, and (3) listed on the signature line of the only pleading in this case bearing his name (*see* Doc. 79). Accordingly, Mr. Gallagher will

be directed to file a complete notice of appearance, to include current firm affiliation, address, phone number and email address.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff's request for discovery relief (Doc. 76), construed as a motion to compel pursuant to Rule 37, is GRANTED;

2. Alex Campos and the duly noticed Rule 30(b)(6) deponents identified in the parties' joint statement (Doc. 76 at 2) SHALL APPEAR for and complete depositions no later than December 23, 2024, and Defendants are prohibited from supporting their pending motion for summary judgment or opposing any motion by Plaintiff for summary judgment with testimony elicited during the depositions;

3. No later than December 17, 2024, Defendants SHALL COMPLETE a diligent search for documents identified in the parties' joint statement (Doc. 76 at 4) and transmit to Plaintiff a certification that they have completed a diligent search for the documents, describe the results of the search, and produce any responsive documents;

4. Briefing on Defendants' motion for summary judgment and Plaintiff's motion to strike (Docs. 73, 75) is HEREBY STAYED and the noticed motion hearings before the assigned district judge are HEREBY VACATED;

5. No later than January 6, 2025, the parties SHALL FILE a stipulated request for modified briefing schedule on the motions. To the extent Plaintiff seeks to file an untimely motion for summary judgment, he shall set forth in the stipulation the grounds constituting good cause to permit the late filing; and

///
///
///

7

6. No later than December 17, 2024, Dennis P. Gallagher, counsel for Defendant Jeffrey Thorn, SHALL FILE a complete notice of appearance, to include current firm affiliation, address, phone number and email address.

**Failure to timely comply with this order will result in the imposition of sanctions as further described above.**

IT IS SO ORDERED.

Dated:  **December 11, 2024**

UNITED STATES MAGISTRATE JUDGE