UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, | Case No. 1:23-cv-00643-KES-CDB |
| Plaintiff, | ORDER DENYING STIPULATED REQUEST RE BRIEFING SCHEDULE |
| v. | (Doc. 84) |
| ESG REPUBLIC, INC, *et al.*, | ORDER SETTING BRIEFING SCHEDULE |
| Defendants/Counterclaimants. | |

The matter is before the Court on the parties' stipulated request to modify briefing on Defendants' pending motion for summary judgment and Plaintiff's pending motion to strike. (Doc. 84). The parties' filing was made at the Court's direction in its order resolving certain discovery disputes. *See* (Doc. 81).

Relevant here, at the parties' joint request, the Court convened for informal discovery dispute conference on December 10, 2024. (Doc. 80). The discovery disputes centered on Plaintiff's complaint that Defendants had not made certain deponents available for deposition prior to the deadline to complete nonexpert discovery and had not produced certain documents Plaintiff believed Defendants possessed. During the conference, the parties agreed to abide by an order of the Court resolving the disputes, subject only to their seeking review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a). *See* (Doc.

81 at 3-4). In other words, the parties agreed that the Court's resolution of the discrete discovery disputes would be to the exclusion of seeking the same relief through a motion to compel pursuant to Rule 37 or otherwise.

In its order resolving the discovery disputes, the Court directed Defendants to make their deponents available for deposition by a date certain and directed Defendants to complete a diligent search for documents identified in the parties' joint statement of the dispute (Doc. 76 at 4) and transmit to Plaintiff a certification that they completed a diligent search for the documents, describe the results of the search, and produce any responsive documents.

In the parties' instant stipulated request to modify briefing schedule (Doc. 84), Plaintiff asserts that Defendants failed to produce certain documents it contends were required under the Court's discovery order and seeks an order permitting a second deposition of Alex Campos due to Defendants' production of other documents a day after his deposition was taken. Defendants report they in fact complied with the Court's order to undertake a search for documents, to produce responsive documents and to serve a certificate upon Plaintiff memorializing the search.

The Court will grant Plaintiff's request to continue Mr. Campos' deposition for the sole purpose of eliciting testimony concerning newly produced documents. The Court will deny Plaintiff's request to facilitate additional time for its anticipated motion to compel production of documents – for two reasons. First, the Court's order did not direct Defendants to produce identified documents, it merely directed Defendants to undertake a diligent search and produce in addition to any responsive documents a certification memorializing their undertaking of the search. Second, as a condition for informal resolution of the discovery disputes, the parties expressly waived their right to move under Rule 37 to compel production of the same documents that were the subject of the parties' request for relief.

Because there can be no need for a motion to compel under these circumstances, the Court declines to set a briefing schedule on any such motion. Instead, the Court will direct Plaintiff to serve any notice for continued deposition on Mr. Campos within seven days of entry of this order and direct any continued deposition to be completed within 21 days of entry of this order.

The Court also declines to adopt the parties' proposed briefing schedule on Defendants'

pending motion for summary judgment and Plaintiff's pending motion to strike. The proposed schedules incorporate an inexplicable amount of delay without *any* purported cause, let alone good cause. Among other things, Defendants' motion for summary judgment has been pending for more than one month, yielding ample time for Plaintiff to review the motion and consider its opposition. Instead, the Court will set a briefing schedule that accounts for the completion of Mr. Campos' deposition and otherwise incorporates a deadline for Plaintiff to oppose Defendants' motion for summary judgment within 14 days after the latest date by which such deposition must be completed. *See* Local Rule 230.

### **Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiff shall serve upon Defendants any notice of continued deposition for Alex Campos to address solely any documents Defendants produced after the completion of Mr. Campos' initial deposition within seven (7) days of this order and any such continued deposition shall be completed no later than January 31, 2025. Consistent with its earlier order (Doc. 81), Defendants are prohibited from supporting their pending motion for summary judgment with testimony elicited during the deposition.

2. Plaintiff SHALL file its opposition to Defendants' pending motion for summary judgment (Doc. 73) no later than February 14, 2025.

3. Defendants SHALL file any reply to Plaintiff's opposition to the motion for summary judgment (Doc. 73) no later than seven (7) days after Plaintiff's filing of its opposition.

///
///
///

1      4. The hearing on Defendants' motion for summary judgment (Doc. 73) is set for March 3, 2025, at 1:30 p.m. before District Judge Kirk E. Sherriff in Courtroom 6, 2500 Tulare Street, Fresno, California.

IT IS SO ORDERED.

Dated: **January 10, 2025**

                                            UNITED STATES MAGISTRATE JUDGE