UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>ESG REPUBLIC, INC., *et al*.,<br><br>           Defendants. | Case No. 1:23-cv-00643-KES-CDB<br><br>ORDER GRANTING MOTION FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR JEFFREY D. THORN AND FOR THE PRODUCTION OF DOCUMENTS<br><br>(Doc. 117) |

Pending before the Court is the motion of Plaintiff American Zurich Insurance Company for appearance and examination of judgment debtor Jeffrey D. Thorn, and for the production of documents. (Doc. 117). For the following reasons, the Court grants the motion.

**Background**

On June 18, 2025, Plaintiff and Defendant Thorn filed a joint stipulated request representing the parties had settled the action and seeking entry of judgment. (Doc. 104). The parties attached thereto a signed copy of their settlement agreement. *Id.* at 5-13. On June 27, 2025, the assigned district judge entered judgment in favor of Plaintiff and against Defendant Thorn for damages totaling $177,120.32. (Doc. 108).

After the parties filed stipulations of dismissal (Docs. 113, 115), the case was closed (Doc. 116). On December 18, 2025, Plaintiff filed the instant motion. (Doc. 117). Defendant Thorn filed

a statement of non-opposition on January 9, 2026. (Doc. 119). The Court held a hearing regarding the motion on January 29, 2026. Lincoln Horton appeared on behalf of Plaintiff. Dennis Gallagher, II, appeared on behalf of Defendant Thorn, who also appeared. (Doc. 124).

**Discussion**

Rule 69 of the Federal Rules of Civil Procedure governs enforcement of judgment proceedings in federal courts. *Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996). Pursuant to Rule 69(a)(1), "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See In re Estate of Ferdinand Marcos Human Rights Litigation*, 536 F.3d 980, 987-88 (9th Cir. 2008) (the procedure on execution is to be in accordance with the procedure of the state in which the district court is located at the time the remedy is sought). In turn, California Code of Civil Procedure § 708.110 provides, in relevant part:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 30 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

(e) The order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: "NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."

Cal Civ. Proc. Code § 708.110(a)-(e).  Cal Civ. Proc. Code § 708.160(b) also provides that "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles."

Here, Plaintiffs' motion sets forth the showing required by Rule 69 and the applicable provisions of Cal Civ. Proc. Code §§ 708.110 and 708.160.  (Doc. 117).

Additionally, Plaintiff seeks to require Defendant Thorn to produce documents prior to the examination.  Under California law, judgment debtor proceedings "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *United States v. Feldman*, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (quoting *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App.4th 540, 547 (1995)).  Debtor examination is intended "to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Alcalde v. NAC Real Estate Investments & Assignments, Inc.*, 580 F. Supp. 2d 969, 970 (C.D. Cal. 2008) (internal citations and quotations omitted).

Federal Rule of Civil Procedure 34 authorizes a party to seek the production of documents. *Id.* at 971.  Further, Cal Civ. Proc. Code § 708.030(a) provides that a "judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made …"

Accordingly, the Court will direct Defendant Thorn to produce to Plaintiff the following

3

documents for inspection as directed by this order:

1. Account statements for each and every personal or joint bank account, investment account, and pension and/or retirement account (for the last three years);

2. A copy of Defendant Thorn's Social Security Card or other documentation identifying his Social Security Number, as well as a copy of his current driver's license and passport;

3. Documentation identifying the names, addresses, tax I.D. numbers, assets, bank accounts, investment accounts, and real estate owned by all companies for which he is a greater than 10% shareholder or membership holder, or limited or general partner;

4. Deeds to real estate he owns in whole, or in part;

5. Loan/mortgage documents for real estate he owns in whole, or in part, or through a trust;

6. Any trust document for which he is a grantor and all related amendments and restatements;

7. Pay stubs for the last three years;

8. Documentation identifying the name, address and telephone number of his current employer;

9. Personal federal and state tax returns including, but not limited to K-1s (for the last three years);

10. Company federal and state tax returns, including but not limited to K-1s, for any company for which he is a greater than 10% shareholder or membership holder, or limited or general partner (for the last three years);

11. Lines of credit and/or loans (for the last three years);

12. Documents regarding other outstanding debts, judgments, attachments, or liens;

13. Documents of debts owed to him or a trust for which he is a grantor; and

14. Documents regarding all other assets and/or sources of income not already included above (for the last three years).

///

///

4

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that

1.  Jeffrey Thorn shall personally appear on March 30, 2026, at 9:00 a.m. at the United States District Court located at 510 19th Street, #200, Bakersfield, California 93301, to furnish information to aid in the enforcement of a money judgment by answering questions concerning real and personal property and assets;

2.  Jeffrey Thorn shall produce any documents responsive to this order to Plaintiff's counsel by way of email, file share, or mail, on or before March 23, 2026;

3.  Jeffrey Thorn shall also bring any documents responsive to this order to the United States District Court for inspection and photocopying; and

4.  Plaintiff must serve this order upon Jeffrey Thorn personally not less than 30 days before the date set for the examination and must file a certificate of such service with the Court.

**NOTICE TO JUDGMENT DEBTOR. IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

IT IS SO ORDERED.

Dated:    **January 29, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE