UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, <br><br>　　　　　　　Plaintiff, <br><br>　　v. <br><br>ESG REPUBLIC, INC., *et al.*, <br><br>　　　　　　　Defendants. | Case No. 1:23-cv-00643-KES-CDB <br><br> ORDER GRANTING MOTION OF COUNSEL FOR DEFENDANT JEFFREY D. THORN TO WITHDRAW AS COUNSEL OF RECORD <br><br> (Docs. 126, 127) <br><br> <u>Clerk of the Court to Vacate Noticed Hearing</u> |

Pending before the Court is the motion of counsel for Defendant Jeffrey D. Thorn to withdraw from representation. (Docs. 126, 127).

**<u>Relevant Background</u>**

On June 18, 2025, Plaintiff American Zurich Insurance Company and Defendant Thorn filed a joint stipulated request for entry of judgment based on their execution of a settlement agreement attached thereto. (Doc. 104). On June 27, 2025, the assigned district judge entered judgment in favor of Plaintiff and against Defendant Thorn for damages totaling $177,120.32. (Doc. 108).

After the parties filed stipulations of dismissal (Docs. 113, 115), the case was closed (Doc. 116). On December 18, 2025, Plaintiff filed a motion to set debtor's examination of Defendant Thorn. (Doc. 117). Defendant Thorn filed a statement of non-opposition on January 9, 2026. (Doc. 119). Thereafter, Dennis P. Gallagher, II, and the law firm of McMurtrey, Hartsock, Worth & St. Lawrence (the

1

"McMurtrey Firm") filed a motion to withdraw as counsel for Defendant Thorn.  (Doc. 122).  Noting the motion was not properly noticed pursuant to the Local Rules, the Court disregarded the filing.  (Doc. 123).

On January 29, 2026, the Court convened for hearing on Plaintiff's motion for debtor's examination.  Lincoln Horton appeared on behalf of Plaintiff.  Dennis P. Gallagher, II, appeared on behalf of Defendant Thorn, who also appeared.  (Doc. 124).  During the hearing, the Court discussed the request to withdraw as counsel with Mr. Gallagher and Defendant Thorn.  Defendant Thorn indicated he did not oppose counsel's withdrawal.

On February 12, 2026, Mr. Gallagher and the McMurtrey Firm filed a renewed motion to withdraw as counsel for Defendant Thorn.  (Docs. 126, 127).  Counsel attach to their motion the declaration of Defendant Thorn who indicates he does not object to withdrawal and no longer wishes to retain Mr. Gallagher or the McMurtrey Firm and is prepared to represent himself in this action.  *See* (Doc. 126-4).  In accompanying declarations, Mr. Gallagher and Isaac St. Lawrence of the McMurtrey Firm both set forth the same.  *See* (Doc. 126-2, 126-3, 127).  Mr. St. Lawrence represents that counsel will return all client materials and that there are no advanced or unearned fees, and provides Defendant Thorn's current address, email, and telephone number, and that he communicated to Defendant Thorn verbally and in writing of counsel's intent to withdraw.  *See* (Doc. 126-3).  Though the attached copy of Mr. St. Lawrence's declaration is unsigned, a signed copy setting forth the same was filed one day after the filing of the motion.  *See* (Doc. 127).  The attached proof of service indicates service on the same address for Defendant Thorn as set forth in Mr. St. Lawrence's declaration.  (Doc. 126-6 at 2).

Plaintiff does not oppose granting counsel's motion to withdraw.  (Doc. 128).  For the reasons that follow, the undersigned finds that the motion is suitable for disposition on the pleadings and motion papers and, thus, will vacate the motion hearing.  *See* Local Rule 230(g).

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the

administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules. Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw. E.D. Cal. Local Rule 182(d). The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw. *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*. The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

**Discussion**

Based on its consideration of counsel's motion, supporting declarations of counsel and Defendant Thorn, and discussion with the appearing parties during the hearing on Plaintiff's motion for debtor's examination, the Court finds counsel Mr. Gallagher and the McMurtrey Firm have provided good cause to withdraw under the California Rules of Professional Conduct. The motion papers reflect that Defendant Thorn does not object to their withdrawal.

Counsel have complied with the notice requirements in Local Rule 182(d). Specifically, counsel provided Defendant Thorn with notice of the motion and copies of the motion papers. (Docs. 126-6, 127). Counsel also provided a supporting declaration stating the current or last known address of Defendant Thorn. (Doc. 127). Plaintiff does not object to the withdrawal. (Doc. 128). The Court also

notes granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case.  Among other things, the Court notes that Defendant Thorn provided a declaration stating that he does not object, did not indicate any resulting prejudice from the withdrawal, and that he is prepared to represent himself.  (Doc. 126-4).  Defendant Thorn stated the same during the hearing on the motion for debtor's examination.

Thus, the Court will grant Mr. Gallagher and the McMurtrey Firm's motion to withdraw as counsel for Defendant Thorn.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. The motion of counsel Dennis P. Gallagher, II, and the law firm of McMurtrey, Hartsock, Worth & St. Lawrence to withdraw as counsel for Defendant Jeffrey D. Thorn (Doc. 126) is GRANTED;

2. The Clerk of the Court is directed to terminate Dennis P. Gallagher, II, and the law firm of McMurtrey, Hartsock, Worth & St. Lawrence as counsel of record for Defendant Thorn;

3. Dennis P. Gallagher, II, and the law firm of McMurtrey, Hartsock, Worth & St. Lawrence SHALL comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees, if any;

4. Defendant Jeffrey D. Thorn is substituted-in pro se and is DIRECTED to comply with all rules of Court and all hearing dates, including the examination of judgment debtor set for March 30, 2026, at 9:00 a.m. in Bakersfield (CDB) before the undersigned (Doc. 125);

5. The Clerk of the Court is DIRECTED to enter the following contact information for Defendant Thorn's address of record:

   > Jeffrey D. Thorn
   > 7704 Calle Cerca
   > Bakersfield, CA 93309

///

6. The Clerk of the Court is DIRECTED to serve this order on Defendant Thorn by mail.

IT IS SO ORDERED.

Dated:  **March 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE